

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

_MICHAEL STEPHEN ALEXANDER_ )
)
_____, )
)
**Plaintiff(s),** )
)
vs. )
_MARY S. TREW, MARK JOSEPH LOPEZ,_ )
_THE LAW OFFICES OF IVAN A. SCHWAB_ )
_DOMINIQUE C. ROSS, TIMOTHY P. MURPHY_ )
_STATE UNIVERSITY RETIREMENT SYSTEM,_ )
(S U R S) )
)
**Defendant(s).** )

**FILED**

JAN 18 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No.

**1:22-cv-00283**
**District Judge Joan H. Lefkow**
**Magistrate Judge Jeffrey T. Gilbert**
**Random**

## COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is _MICHAEL STEPHEN ALEXANDER_.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

4.  Defendant, _____ MARY  S. THREW _____, is
                              (name, badge number if known)

    ☒ an officer or official employed by ___ CIRCUIT COURT OF COOK COUNTY ___;
                              (department or agency of government)
    DOMESTIC RELATIONS DIVISION, room 3003 _____ or

    ☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named
defendant and complete the information for each additional defendant on an extra sheet.*

5.  The municipality, township or county under whose authority defendant officer or official

    acted is _____ COOK county _____. As to plaintiff's federal

    constitutional claims, the municipality, township or county is a defendant only if

    custom or policy allegations are made at paragraph 7 below.

6.  On or about __ May 04,2015 ____, at approximately __ 11:40 _____ ☒ a.m. ☐ p.m.
                      (month,day, year)
    plaintiff was ~~present in the municipality (or unincorporated area) of~~ __ not present. ___

    _____, in the County of __ COOK _____,

    State of Illinois, at DALEY CENTER, 50 WEST WASHINGTON, CHICAGO, IL. 60602
                          (identify location as precisely as possible)

    when defendant violated plaintiff's civil rights as follows *(Place X in each box that
    applies)*:

    ☒   arrested or seized plaintiff without probable cause to believe that plaintiff had
        committed, was committing or was about to commit a crime;
    ☐   searched plaintiff or his property without a warrant and without reasonable cause;
    ☐   used excessive force upon plaintiff;
    ☒   failed to intervene to protect plaintiff from violation of plaintiff's civil rights by
        one or more other defendants;
    ☐   failed to provide plaintiff with needed medical care;
    ☒   conspired together to violate one or more of plaintiff's civil rights;
    ☒   Other:
            1.  By  violating Illinois State Statute: 40 ILCS 5/15-185.    2. Which is identified

                as a fraud.  3. he/she is engaging in "FRAUD ON THE COURT."  10

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____ .

7.    Defendant officer or official acted pursuant to a custom or policy of defendant

municipality, county or township, which custom or policy is the following: (**_Leave blank_**

**_if no custom or policy is alleged_**): There lacks a certain amount of civility targeted at

pro se litigants. Justice is what is sort for. "When the state is one of the perpetrators and

violators, there can be no expectation of justice" except from a higher level reaching down. [g]

_____ .

A.

8.    Plaintiff was charged with one or more crimes, specifically:

None: Yet, litigant keeps getting arrested . The only law that is violated is by Judge Mary

S. Trew and SURS, and those that followed, being entangled in that fraud which is directed

to the judicial machinery itself and IS NOT FRAUD BETWEEN THE PARTIES... IT IS

WHERE THE COURT OR MEMBER IS INFLUENCED  INCORRECTLY, AND WHERE

THE IMPARTIAL FUNCTIONS OF THE COURT HAVE  STOPPED.

9.    (**_Place an X in the box that applies.  If none applies, you may describe the criminal_**
**_proceedings under "Other"_**)  The criminal proceedings

☐  are still pending.

☐  were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

☒  Plaintiff was found guilty of one or more charges because defendant deprived me of a

fair trial as follows   FRAUD UPON THE COURT  and the cover up.

_____ .

☒  Other:   Failure of the courts to TAKE JUDICIAL NOTICE.                             .

_____

[1]Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent
may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the
conviction, a voluntary dismissal (SOL) by the prosecutor, or a _nolle prosequi_ order.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

10.    Plaintiff further alleges as follows: *(Describe what happened that you believe supports your claims.  To the extent possible, be specific as to your own actions and the actions of each defendant.)*

4. Title 18. U.S.C.., Section 241 Conspiracy Against Rights.  5. Title 18. U.S.C., Section 42 Deprivation of Rights Under Color of Law.

On May 04, 2015, Judge Trew granted an order [EX. A] and issued a QILDRO to State University System. [EX B]  On or about May 15, 2015, I questioned the activity. [EX. C] May 18, 2015, SURS emailed back, "...*the court order we receive on 5/8/2015 requiring us to withhold $1000 for...*"[EX. D] June 5/2015, I emailed webmail [SURS] "*How long.... it for the $1000 to returned to my account. A order dated June 4, 2015 to vacate the $1000 support was faxed to you*"[EX. E] June 9,2015, SURS replied, "***Unfortunately***, *we are unable to return the funds...I would contact your legal counsel for any further advice on receiving the funds back.*" [EX. F]   This is a point that SURS breached their *fiduciary duty*, SURS not only failed me, but implicated the actual opposing litigant, stating, "Failure to submit payment could be viewed as an act of fraud against SURS." [EX. G] As a Statement of Fact, on or about October 1, 2021, SURS sent a email, declaring their mistake and acknowledging how <u>immediately</u> they rectified the $1000 issue in 2015. [EX H.]   .

11.    Defendant acted knowingly, intentionally, willfully and maliciously.

12.    As a result of defendant's conduct, plaintiff was injured as follows:

Extraordinary: pain, , suffering, emotional stress, embarrasment, false arrests, malicious prosecution false imprisonment, financiall loss, property loss, loss of the free excercise of right or privilege secured to self by the Constitution  or laws of the United States (or because of self having excercised the right to proceed as a pro se litigant).   .

13.    Plaintiff asks that the case be tried by a jury.   ☒ Yes        ☐ No

4

14.     Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such

as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy,

and/or any other claim that may be supported by the allegations of this complaint.


**WHEREFORE,** plaintiff asks for the following relief:

A.     Damages to compensate for all bodily harm, emotional harm, pain and suffering,

loss of income, loss of enjoyment of life, property damage and any other injuries

inflicted by defendant;

B.     ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages

against the individual defendant; and

C.     Such injunctive, declaratory, or other relief as may be appropriate, including

attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature:     /s/ Michael Stephen Alexander

Plaintiff's name *(print clearly or type)*:   Michael Stephen Alexander

Plaintiff's mailing address:   843 McKenzie Station Drive

City   Lisle                    State   Illinois     ZIP    60532

Plaintiff's telephone number: ( 773 )   504 - 6302

Plaintiff's email address *(if you prefer to be contacted by email)*:   hhup@msn.com


15.     Plaintiff has previously filed a case in this district.   ☒ Yes   ☐ No

**If yes, please list the cases below.**

Alexander v. Northeastern Illinois University, 586 F. Supp. 2d 905 (N.D. Ill. 2008)

**Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.**

## SECTION 10 CONTINUED

STATEMENT OF FACT:  A.  ON RECORD (this is a copy)

1. I retired from NEIU in May of 2009, with a pension from SURS (State Universities Retirement System) .

2. I was divorced in June of 2014.

3. I remarried at the end of 2016.

4. In May of 2015, in the case of Alexander v. Alexander 2011D010803, Judge Mary S. Trew issued an order to withhold $1000 per month from my pension for "spousal support" (which became the battle cry, in Alexander v. Alexander).

5. SURS obeyed the court order, (which opened up the" fiduciary" failed duty).

6. I questioned SURS about the $1000 withdrawal from my pension and after leaving me to my own wits to recover the $1000, they humbly returned it .

7. Later, I found that Judge Mary Trew had violated my civil rights under the 5th,14th Amend, violation of 40 ILCS 5/15-185 (from Ch. 108 1/2, par. 15-185) and just to mention a few.

8. Later Judge Mark Joseph Lopez tried to intimidate me verbally in court, with no success (because although he would not accept my offer of proof, he did finally relinquish to the fact that Judge Trew Court Order had been remanded).

9. Then, Judge Timothy P. Murphy badgered me in his court room for months, refusing my

motions to dismiss (spousal support agenda), until I finally did an offer of proof (40 ILCS

5/15-185) to his court, then he recused himself, rather than give me a just answer to my motions

to dismiss [the battle cry]. (continued on SECTION 10, PARAGRAPH 9, JUDGE MURPHY)

10. So, I appear again in the court room of the Honorable Judge Dominique C. Ross, when on

the last day of the reserved order for spousal support, April 4, 2019 (after denying two earlier

battle cry attempts) I am ambushed (an attorney for the petitioner, appears) and I am ordered to

pay spousal support, for 15 years without cause or" due process, again, for I was [not] permitted

to cross examine or be heard.

Cont'd on 1 -2 of Addendum B on page 3 of 9

---

### Addendum 003

**B**. 1. In all adversarial proceedings, litigants have a duty of full disclosure and honesty with

the court.[1] Typically, where a party obtains a judgment through fraudulent conduct, the

only way to overturn that judgment is through a motion to vacate pursuant to Federal

Rule of Civil Procedure 60(b)(3).[2]

2. Fraud on the court is generally limited to instances where "the integrity of the judicial

process ha[ s] been fraudulently subverted" and does not include fraudulent conduct that

only affects a party to the action. [3] Fraud on the court is typically limited to the most

egregious conduct that implicates an officer of the court.[4] Courts must further balance

the policy of upholding final judgments against the possibility the judgment was

obtained by perpetrating a fraud on the court.[5] Several courts have applied a lower

standard for determining whether specific fraudulent conduct rises to the level of fraud

on the court.[6]

## MEMORANDUM IN SUPPORT OF COMPLAINT

This memorandum explores the standard necessary to establish a fraud on the court claim as

well as what actions constitute fraud on the court. Part I discusses the majority standard for a

fraud on the court claim. Part II discusses the minority standard for establishing fraud on the

court.

## I. Majority Standard: Harm to the Integrity of the Judicial Process

Courts have not explicitly defined the concept of "fraud on the court."[7] Federal Rule of Civil

Procedure 60 sets forth the grounds under which a judgment may be set aside, but Rule 60(d)(3)

states Rule 60 does not limit a court's power to set aside a judgment for fraud on

the court.[8] Rule 60(d)(3) is the codification of a court's inherent power to investigate whether a

judgment was obtained by fraudulent conduct.[9] However, final judgments are not often

overturned based upon a fraud on the court claim and will typically only occur in extraordinary

cases. [10] Further, there is no statute of limitations for a fraud on the court claim and a court may

consider such a claim even if no adversarial parties are before the court. [11]

[1] MODEL RULES OF PROF'L CONDUCT r. 3.3 (AM. BAR Ass'N 1983).

[2] Metlyn Realty Corp. v. Esmark, Inc., 763 F.2d 826, 832 (7th Cir. 1985) (holding that a Rule 60(b)(3) motion allows a party to overturn a final judgment based upon "fraud" so long as it is filed within one year from the date of judgment).

[3] Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245-246 (1944) (creating the standard for fraud on the court).

[4] Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) (holding that fraud on the court only includes actions "such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated").

[6] See, e.g. Levander v. Prober (In re Levander), 180 F.3d 1114, 1120 (9th Cir. 1999) (perjury committed by a single ss was so detrimental to the entire bankruptcy proceeding that it was held to be fraud on the court); .......illNo. 09-43121, 2017 WL 2304220, at *5-*6 (Bankr. E.D. Tex. May 25, 2017)l(holding that filing false bankruptcy schedules, misrepresenting liabilities on real property, including a co-conspirator, and preparing fraudulent loan documents established fraud on the court). See also, In re Clinton Street Foods Corp., 254 B.R. 523 (Bankr. S.D.N.Y. 2000).

[7] United States v. Estate ofStonehill, 660 F.3d 415,444 (9th Cir. 2011).

[8] In re Roussos, 541 B.R. 721, 728-29 (Bankr. C.D. Cal. 2015).

[9] Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575,580 (1946).

[10] Addington v. Farmers Elevator Mut. Co., 650 F.2d 663,668 (6th Cir. 1981).

[11] In re Roussos, 541 B.R. at 729.

## MEMORANDUM IN SUPPORT OF COMPLAINT

## II. Majority Standard: Harm to the Integrity of the Judicial Process

The bankruptcy court in In re Clinton Street Foods, allowed the trustee's "fraud on the court"

claim finding that the four-prong analysis previously set forth by the Second Circuit Court of

Appeals was instructive and the facts at hand satisfied such requirements, including that the

claim

was based on "(I) the defendant's misrepresentation to the court; (2) the denial or grant of the

motion based on the misrepresentation; (3) the lack of an opportunity to discover the

misrepresentation and either bring it to the court's attention or bring a timely turnover

proceeding; and (4) the benefit the defendant derived by inducing the erroneous decision."[32]


## MEMORANDUM OF LAW IN SUPPORT OF COMPLAINT

"Fraud upon the court" makes void the orders and judgments of that court.

It is also clear and well-settled Illinois law that any attempt to commit "fraud upon the court"

vitiates the entire proceeding. The People of the State of Illinois v. Fred E. Sterling, 357 Ill.

354; 192 N.E. 229 (1934) ("The maxim that fraud vitiates every transaction into which it enters

applies to judgments as well as to contracts and other transactions. "); Allen F. Moore v. Stanley

F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction

into which it enters ... "); In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is

axiomatic that fraud vitiates everything." ); Dunham v. Dunham, 57 Ill.App. 475 (1894),

affirmed 162 Ill. 589 (1896); Skelly Oil Co. v. 005 Universal Oil Products Co., 338 Ill.App. 79,

86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The American Home Security Corporation, 362

Ill. 350; 199 N.E. 798 (1935).

Under Illinois and Federal law, when any officer of the court has committed "fraud upon the

court", the orders and judgment of that court are void, of no legal force or effect.

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement,

only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847,

108 S.Ct. 2194 (1988) (what matters is not the reality of bias or prejudice but its appearance);

United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a) "is directed against

the appearance of partiality, whether or not the judge is actually biased.") ("Section 455(a) of

the Judicial Code, 28 U.S.C. §455(a), is not intended to protect litigants from actua

ather to promote public confidence in the impartiality of the judicial process.").

That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding

in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189

(7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is

important that the litigant not only actually receive justice, but that he believes that he has

received justice."

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of

recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances."

Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

**Should a judge not disqualify himself, then the judge is in violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").**

---

## SUMMARY

A JUDGE (ILLINOIS CIRCUIT COURT) SUBMITTED A FRAUDULENT CLAIM (ALIMONY) TO A PENSION PLAN (SURS) TO WITHDRAW A SUM ($1000 PER MONTH) FROM SAID PLAN. THE PLAN (SURS) ALLOWED THE CLAIM AND PAID OUT THE SUM ($1000). THE PENSIONER, (NOW THE RELATOR) QUESTIONED THE $1000 WITHDRAWAL FROM THEIR PENSION. AFTERTHE-FACT, THE PLAN (SURS), STOPPED FURTHER PAYMENT, BUT INFORMED THE PENSIONER (MICHAEL ALEXANDER) HE WOULD HAVE RETAIN A LA WYER TO RETRIEVE THE $1000 WITHDRAWAL HIMSELF. LATER, SURS INFORMED THE PENSIONER THAT THEY (SURS) WOULD PUT BACK THE $1000 INTO HIS PENSION. THE CIRCUIT COURT SYSTEM AND SURS ACTED AS IF NOTHING HAD HAPPENED. HOWEVER, I MICHAEL ALEXANDER KNOW THAT MORE THAN ONE ILLINOIS LAW/STATUTE WAS TRANSGRESSED UPON:

1. 40 ILCS 5/15-185) (from Ch. 108 1/2, par. 15-185

2. THE FIFTH ADMENDMENT TO THE US CONSTITUION - DOUBLE JEAPARDY

3. TITLE 18, U.S.C. SECTION 241 CONSPIRACY AGAINST RIGHTS

32 254 B.R. at 533 ( citing Leber-Krebs, Inc. v. Capitol Records, 779 F .2d 895, 899-900 (2n
Cir. 1985

4. FRAUD UPON THE COURT: (SAMPLE) THE PEOPLE OF THE STATE OF ILLINOIS

V. FREDE. STERLING, 357 ILL. 354;192 N.E. 229 {1934)

5. TREASON- TENNESSEE COAL, IRON &R, CO. V. GEORGE, 233 U.S. 354,360 {1914)

CITED IN MARSHALL V. MARSHALL {2006)

## CONCLUSION

**Wherefore, Michael Alexander, PLAINTIFF, pro se** moves this Honorable Court to enter an

Order to Stay All Proceedings, as correct, just and to hold priority over all other matters

considering that the Cook County Circuit Courtt does not have jurisdiction, authority or power

due to the Commission of the following violations: See Memorandum of law.

Wherefore, Michael Alexander, PLAINTIFF, pro se REQUEST any and all relief this

Honorable Court deems just and fair and in favor for the Plaintiff, Michael Alexander, pro se.

and be placed under the proper venue/court/jurisdiction.

## SECTION 10, PARAGRAPH 9, JUDGE MURPHY CONTINUED

10 9 JM

4405 Pre-Trial Assignment, 4406 Status Report, 4482 Hearing/Trial Assignment, 4295 Close Discovery-Allowed.
Orders of Continuance

Page 1 of 16

(11/04/11) CCDR N015

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE ☐ MARRIAGE ☐ CIVIL UNION ☐ CUSTODY
☐ SUPPORT OF:

**Alexander, Vera**
PETITIONER

AND

**Alexander, Michael**
RESPONDENT

No. 13 D 5617 c/w 11 D 1090

Calendar 34

### ORDERS OF CONTINUANCE

THIS CAUSE being properly before the Court on motion of ☐ Petitioner ☐ Respondent ☐ Agreement of Counsel, and the Court being advised in the premises:

☐ IT IS ORDERED that this cause is set for:

☐ STATUS REPORT regarding _____
4406
on _____, _____, at _____ .m. before this Court.

☐ PRE-TRIAL CONFERENCE on _____, _____, at _____ .m. before this Court.
4405
☐ All parties shall be present.

☒ HEARING/TRIAL regarding College Contribution, Permanent Maintenance
4482
on February 1, 2018, at 2:15 p.m. before this Court.

☒ All parties to appear in Courtroom 1601 on the stated date and time.

☐ Discovery is closed as of _____.
4295

☐ PETITIONER/RESPONDENT is granted leave to file _____
and the PETITIONER/RESPONDENT is granted _____ days to respond to said pleading.

☒ Respondents Motion for Clarification is granted, the court
finds that Respondent was not informed of the hearing date
nor was it convenient. Wherefore the hearing is continued to the above date.

NOTE: CASES SET FOR TRIAL CAN ONLY BE CONTINUED FOR CAUSE ON MOTION PURSUANT TO SUPREME COURT RULE AND DOMESTIC RELATIONS GENERAL ORDER 86-D-1.

✱ Both parties shall bring all documents ordered in paragraph 7 and 8 of the 6-27-2017 order.

Atty. No.: _____

Name: _____
Atty. for: _____
Address: _____
City/State/Zip: _____
Telephone: _____

ENTERED:

Judge Dominque C. Ross

Dated: DEC 21 2017

Circuit Court - 2008

Judge _____        Judge's No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF )
)
**VERA ALEXANDER,** )
        Petitioner, )
**and** )
)
**MICHAEL ALEXANDER,** )
        Respondent. )

No. **13 d 5617 c/w 11 D 10803**

**Calendar #31**

## <u>ORDER</u>

**THAT** this matter having come before the Court for hearing on Respondent, MICHAEL

ALEXANDER's  November 21, 2016 Motion to Dismiss Petitioner, VERA ALEXANDER's

September 30, 2016 Motion for Maintenance, College Expenses, and Other Relief. This Court being

fully advised finds as follows:

1. That the following individuals appeared in court today:  *CASE CALLED AT 12:00 AND 12:30 ; MICHAEL APPEARED AND VERA DID NOT.*

2. That the parties original Judgement for Dissolution of Marriage entered by Judge Ross

reserved the issue of maintenance for a period of 5 years.  That Judge Trew ordered maintenance be set

at $1000 per month on May 4, 2015, but then vacated that order on June 4, 2015, and set the matter for

re-hearing. That at that hearing on July 9, 2015, Judge Trew again set maintenance, this time in the

amount of $500 plus $816.00 in child support (for a total of unallocated support of $1316.00) per

month. On October 21, 2015, Judge Trew then vacated her July 9th order and the case was transferred

to Judge Lopez.

That at a hearing on June 24, 2016, Judge Lopez set maintenance at $485 (plus $614.20 in child

support per the March 2016 standing order) per month, reviewable after three (3) years. Michael then

filed a Motion to Reconsider, which was granted by Judge Lopez on September 1, 2016, resulting in

the June 24th order being vacated. The matter was set for re-hearing which has yet to occur, and the issue of maintenance to VERA remains pending before this Court.

3.   That Judge Lopez entered an order on March 22, 2016 regarding college expenses for the parties' two older children, and both parties were ordered to contribute the sum of $2500 per child per year. That the parties' youngest child, MICAH,  was still a minor at the time of that hearing; as such, the issue of his college expenses was premature for consideration.  That On March 7, 2017, Michael filed his Motion to End Child Support stating that the parties' youngest child was now 18, and would be graduating high school in June of this year.

This Court finds that Judge Lopez March 22nd order remains in full force and effect. Additionally, this court finds that there is an issue as to whether MICAH has completed high school, and whether Vera's Motion for contribution to college expenses as it relates to Micah is ripe for consideration.

4.   That the jointly owned property at 311 West 108th Pl. was to be sold per the parties' original Judgement for Dissolution, with the proceeds split 60% to Michael and 40% to Vera. On May 4, 2015, Judge Trew granted immediate and exclusive possession, and control of the sale, to Vera. That order was vacated on June 4, 2015, and set for re-hearing. At that hearing on July 9, 2015, Judge Trew again granted Vera immediate and exclusive possession and control of the sale, to Vera. The July 9th order was vacated at a hearing on October 21, 2015. Vera filed a Motion for Contribution to Debts related to the property on March 22, 2016, and another Motion for Immediate and Exclusive Possession on May 26, 2016.

That Judge Lopez heard those matters on June 24, 2016, and both parties appeared in court. Vera agreed to quitclaim her interest in the property to Michael, who would be solely responsible for any and all debt attached to said property. This Court finds that count three (3) of Vera's motion lacks a specific prayer for relief and is stricken.

5. That there was no division of Michael's pension in the parties' Judgement for Dissolution of Marriage. On July 3, 2014, Vera filed a Motion to Reconsider the Judgement for Dissolution on this issue, which Judge Ross denied at a hearing on September 2, 2014.

This Court finds that there are no Orders of Court which would give rise to entry of a QILDRO. Consequently, Count four (4) of Vera's Motion fails to state a cause of action, and is stricken.

**IT IS THEREFORE ORDERED**:

1. That Count one (1) of Michael's Motion to Dismiss, relating to maintenance, is denied.

2. That Count two (2) of Michael's Motion to Dismiss, relating to Micah's college expenses, is denied.

3. That Count three (3) of Michael's Motion to Dismiss, relating to Vera's request to discuss clarification of the September 1st order, is granted.

4. That Count four (4) of Michael's Motion to Dismiss, relating to the entry of a QILDRO is granted.

5. That Count five (5) of Michael's Motion to Dismiss, relating to the parties' mailing address is denied. That the court does order and direct that both parties are to provide the other a current mailing address, and to take any steps necessary to change their address with the U.S. Post Office within fourteen (14) days hereof reflecting such address.

6. That the Petitioner and the Respondent are directed to appear personally before this Court on _____Oct, 2_____, 2017 at 2:00 p.m. in Room 1903, Richard J. Daley Center, Chicago, Illinois, for hearing on the Petitioner's Petition for College Expense Contribution, the Respondent's Motion to End Child Support, and on VERA's Motion for Permanent Maintenance:

7. That both parties are directed and ordered to appear in open court and to produce the following documents for hearing on the Petitioner's Petition for College Expense Contribution, the Respondent's Motion to End Child Support, and on VERA's Motion for Permanent Maintenance:

    a. Copies of their 2015 and 2016 federal income tax returns and any and all other tax filings to which the party is a signatory, to include all attachments, schedules, W-2's, 1099's, Schedule A, or other evidence or documents submitted to the I.R.S. in conjunction with said returns;

    b. Copies of paystubs or other evidence of income for at least the last six (6) months, to include income from any and all sources;

    c. Copies of the child's acceptance at the college/university;

    d. Copies of the Fall, 2017 class schedules, tuition costs, book fees, room and board and any and all other costs associated with the child's anticipated college expenses;

    e. Any statements or other evidence of financial aid, grants, assistance, scholarships, or other assistance, including FAFSA documents and/or Award Letters;

    f. Receipts for any expenses paid by either party; and

    g. Completed Financial Affidavits.

8. That each party must complete a Financial Affidavit, sign, and bring such to the Court on the hearing date, including any supporting evidence therefor for their income and expenses.

9. That MICHAEL is directed to send this Order to VERA via regular and certified U.S. Mail, and to provide proof of same to this court at the hearing.

ENTERED:_____

Judge Timothy P. Murphy

JUN 27 2017

Circuit Court – 1892

6/27/17

## EXHIBITS

| EXHIBIT | pages | DESCRIPTION |
|---|---|---|
| A | 1 | JUDGE TREW $1000 SUPPORT ORDER 05/04/2015 |
| B | 6 | QILDRO TO SURS WITHHOLD $1000  05/04/2015 |
| C | 2 | EMAIL FROM PLAINTIFF TO SURS  $1000? 05/15/2015 |
| D | 1 | EMAIL FROM SURS TO PLAINTIFF W/$1000 05/8,18/2015 |
| E | 1 | EMAIL FROM PLAINTIFF TO SURS WHERE IS THE 05/26/2015 VACATED $1000 – 06/05/2015 |
| F | 1 | We have reviewed your file and have updated your account to cancel the order effective 6/4/15, the date we received the order. Unfortunately, we are unable to return the funds to you or your account as they have already been paid out on 6/1/15 as stated in the original order that was in effect at that time. Your July payment will reflect the cancellation of the deduction. I would contact your legal counsel for any further advice on receiving the funds back. |
| G | 1 | PLAINTIFF RECEIVED COPY OF PDF SENT TO OPPOSING PARTY IN JUNE 11, 2015 FROM SURS via email (EXHIBIT H):....Failure to.... fraud against SURS. |
| H | 1 | SURS ADMITS FAULT OCTOBER 1, 2021. |

*EXHIBIT A*

# 43068

## IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
## COUNTY DEPARTMENT DOMESTIC RELATIONS DIVISION

**In Re the Former Marriage**

**VERA D. ALEXANDER,**

      Petitioner,

                                    Case No. 13 D 5617
                                            11 D 10803

**MICHAEL S. ALEXANDER,**

      Respondent.

## ORDER

This matter coming before the court for hearing on Petitioner's Motion to Enforce the Judgment for Dissolution of Marriage entered on June 5, 2014; Petitioner present; Respondent not present despite certified mail notice; and the court having been otherwise fully advised; IT IS ORDERED:

1. The hearing was scheduled for 11:00 a.m. The case was called at 11:40 a.m.

2. Petitioner's motion for maintenance (which was reserved in the judgment) is granted. Respondent shall pay to Petitioner as and for maintenance the sum of $1,000.00 per month, beginning June 1, 2015.

3. Petitioner's motion for immediate and exclusive possession of the property located at 311 W. 108th Place, Chicago Illinois (which was ordered to be sold in the judgment) is granted. Petitioner may have complete control over the sale of this property. Any proceeds from this sale will still be distributed per the terms of the judgment, 60% to husband and 40% to wife.

4. The balance of the judgment shall remain in full force and effect.

5. This matter is off call.

**ENTERED**
**MAY 06 2015**
**PAY BENEFITS**

Judge Mary S. Trew

ENTER:   MAY 04 2015

Circuit Court – 2037

JUDGE #2037

DSBDED

EXHIBIT B

773-995-2329     Chicago State Career Dev Ctr                    02:52:54 p.m.     05-06-2015     3/8

3285 Notice of Income Withholding for Support                                        (01/29/13) CCDR 0556 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

Vera D. Alexander
                                          Petitioner

Case No. 13 D 5617 / c/w 11D10803

TO: PAYOR/EMPLOYER

and

Name/Company _SURS_

Address 1901 Fox Drive P.O. Box 2710

City Champaign  County _____

Michael S. Alexander
                                          Respondent

State IL  Zip Code 61825-2710

Telephone ( )

## NOTICE OF INCOME WITHHOLDING FOR SUPPORT

☑ ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)
☐ AMENDED IWO
☐ ONE TIME ORDERED/NOTICE FOR LUMP SUM PAYMENT
☐ TERMINATION OF IWO                          Date: 5-4-2015

☐ Child Support Enforcement (CSE) Agency  ☒ Court  ☐ Attorney  ☐ Private Individual/Entity  (Check one)

NOTE: This IWO must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions http://www.acf.hhs.gov/programs/cse/forms/OMB-0970-0154_instructions.pdf). If you receive this document from someone other than a State or Tribal CSE agency or a Court, a copy of the underlying order must be attached.

State/Tribe/Territory ___Illinois___

City/County/Dist./Tribe ___Chicago___

Remittance Identifier (include w/ payment) _____

Order Identifier _____

Private Individual/Entity

State Universities Retirement Sys of IL (SURS)
Employer/Income Withholder's Name

1901 Foxdrive, P.O. Box 2710, Champaign, IL
Employer/Income Withholder's Address

61825-2710

Employer/Income Withholder's FEIN

CSE Agency Case Identifier _____

Alexander Michael S
Employee/Obligor's Name (Last, First, MI)

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
Employee/Obligor's Social Security Number

Alexander Vera D.
Custodial Party/Obligee's Name (Last, First, MI)

Child(ren)'s Name(s)  (Last, First, MI)          Child(ren)'s Birth Date(s)

Entry Date of Order for Support

DOROTHY BROWN
CLERK
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV
2015 MAY -4  AM 3:28

(Page 1 of 6)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT B - 1

773-995-2329    Chicago State Career Dev Ctr    # 43068    02:53:16 p.m.    05-06-2015    4/8

Michael Alexander    (01/29/13) CCDR 0556 B

**ORDER INFORMATION:** This document is based on the support or withholding order from Illinois (State/Tribe). You are required by law to deduct these amounts from the employee/obligor's income until further notice.

| $ | Per | current child support |
|---|-----|---|
| $ | Per | past-due child support - Arrears greater than 12 weeks? ☐ yes ☐ no |
| $ | Per | current cash medical support |
| $ | Per | past-due cash medical support |
| $ **1000** | Per **MONTH** | current spousal support |
| $ | Per | past-due spousal support |
| $ | Per | delinquency, totaling $_____ as of _____ |
| $ | Per | other (must specify) _____ |

for a Total Amount to Withhold of $_____ per _____.

**AMOUNTS TO WITHHOLD:** You do not have to vary your pay cycle to be in compliance with the *Order Information.* If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$_____ per weekly pay period                    $_____ per semimonthly pay period (twice a month)

$_____ per biweekly pay period (every two weeks)    $ **1,000** per monthly pay period

$_____ **LUMP SUM PAYMENT:** Do not stop any existing IWO unless you receive a termination order.

**REMITTANCE INFORMATION:** If the employee/obligor's principal place of employment is Illinois (State/Tribe), you must begin withholding no later than the first pay period that occurs 14 days after the date of _____. Send payment within 7 working days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold up to ___% of disposable income for all orders. If the employee/obligor's principal place of employment is not Illinois (State/Tribe), obtain with-holding limitations, time requirements, and any allowable employer fees at http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm for the employee/obligor's principal place of employment.
For electronic payment requirements and centralized payment collection and disbursement facility information (State Disbursement Unit (SDU)), see http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm.

Include the Remittance Identifier with the payment and if necessary this FIPS code: _____

Remit payment to: **Vera D Alexander**
                                                    (SDU/Tribal Order Payee)

at **3 W. 138th St Riverdale IL 60827**
                                                    (SDU/Tribal Payee Address)

☐ **Return to Sender (Completed by Employer/Income Withholder).** Payment must be directed to an SDU in accordance with 42 USC §666(b)(5) and (b)(6) or Tribal Payee (see Payments to SDU below). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you must check this box and return the IWO to the sender.

Signature of Judge/Issuing Official (if required by State or Tribal law): **NOT REQUIRED IF CHILD SUPPORT ORDER IS ATTACHED.**

Print name of Judge/Issuing Official: _____

Title of Judge/Issuing Official: _____

Date of Signature: _____

If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.
☐ If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

(Page 2 of 6)

EXHIBIT B-2

(01/29/13) CCDR 0556 C

## ADDITIONAL INFORMATION FOR EMPLOYERS/INCOME WITHHOLDERS

State-specific contact and withholding information can be found on the Federal Employer Services website located at:
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm

**Priority:** Withholding for support has priority over any other legal process under State law against the same income (USC 42 §666(b)(7)). If a Federal tax levy is in effect, please notify the sender.

**Combining Payments:** When remitting payments to an SDU or Tribal CSE agency, you may combine withheld amounts from more than one employee/obligor's income in a single payment. You must, however, separately identify each employee/obligor's portion of the payment.

**Payments to SDU:** You must send child support payments payable by income withholding to the appropriate SDU or to a Tribal CSE agency. If this IWO instructs you to send a payment to an entity other than an SDU (e.g., payable to the custodial party, court, or attorney), you must check the box above and return this notice to the sender. Exception: If this IWO was sent by a Court, Attorney, or Private Individual/Entity and the initial order was entered before January 1, 1994 or the order was issued by a Tribal CSE agency, you must follow the "Remit payment to" instructions on this form.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment regarding time periods within which you must implement the withholding and forward the support payments.

**Multiple IWOs:** If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to Federal, State, or Tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support. Follow the State or Tribal law/procedure of the employee/obligor's principal place of employment to determine the appropriate allocation method.

**Lump Sum Payments:** You may be required to notify a State or Tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender to determine if you are required to report and/or withhold lump sum payments.

**Liability:** If you have any doubts about the validity of this IWO, contact the sender. If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by State or Tribal law/procedure. See attached supplemental sheet for details regarding: "Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law."

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO. See attached supplemental sheet for details regarding: "Rights, Remedies and Duties of the Obligor Under Illinois Law."

Employer's Name:  SURS    Employer FEIN: _____

Employee/Obligor's Name:  Michael S. Alexander

CSE Agency Case Identifier: _____    Order Identifier: _____

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment (see REMITTANCE INFORMATION). Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes, statutory pension contributions and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, those limits increase 5% - to 55% and 65% - if the arrears are greater than 12 weeks. If permitted by the State or Tribe, you may deduct a fee for administrative costs. The combined support amount and fee may not exceed the limit indicated in this section.

**OMB Expiration Date** – 05/31/2014. The OMB Expiration Date has no bearing on the termination date of the IWO; it identifies the version of the form currently in use.

(Page 3 of 6)

(Page 5 of 9)                                                                                   EXHIBIT B -3

773-995-2329      Chicago State Career Dev Ctr                          02:54:24 p.m.    05-06-2015      6/8

(01/29/13) CCDR 0556 D

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers/income withholders who receive a State IWO, you may not withhold more than the lesser of the limits set by the law of the jurisdiction in which the employer/income withholder is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

2015 MAY -4 AM 3:29

Depending upon applicable State or Tribal law, you may need to also consider the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

COUNTY, ILLINOIS
CHANCERY DIV

2015 MAY -4 AM 3:30

**Arrears greater than 12 weeks?** If the *Order Information* does not indicate that the arrears are greater than 12 weeks, then the Employer should calculate the CCPA limit using the lower percentage.

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
CHANCERY DIV

Additional Information:  N/A

DOROTHY BROWN CLERK

**NOTIFICATION OF EMPLOYMENT TERMINATION OR INCOME STATUS:** If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, an employer must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the Contact Information below:

☐ This person has never worked for this employer nor received periodic income.

☐ This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____      Last known phone number: _____

Last known address: _____

Final payment date to SDU/Tribal Payee: _____      Final payment amount: _____

New employer's name: _____

New employer's address: _____

**CONTACT INFORMATION:**
**To Employer/Income Withholder:** If you have any questions, contact

_____
Issuer name

by phone at _____ , by fax at _____ , by email or website at: www.ChildSupportIllinois.com.

Send termination/income status notice and other correspondence to:

_____
Issuer address

**To Employee/Obligor:** If the employee/obligor has questions, contact

_____
Issuer name

by phone at _____ , by fax at _____ , by email or website at: www.ChildSupportIllinois.com.

**IMPORTANT:** The person completing this form is advised that the information may be shared with the employee/obligor.

(Page 4 of 6)

EXHIBIT B - 4

(01/29/13) CCDR 0556 F

4)      If an obligee who is receiving income withholding payments under the Income Withholding For Support Act does not receive a payment required under the income withholding notice, he or she must give written notice of the non-receipt to the payor. The notice must include the date on which the obligee believes the payment was to have been made and the amount of the payment. The obligee must send the notice to the payor by certified mail, return receipt requested. After receiving a written notice of non-receipt of payment under section 45 (j) of the Income Withholding for Support Act, a payor must, within 14 days thereafter, either (i) notify the obligee of the reason for the non-receipt of payment or (ii) make the required payment, together with interest at the rate of 9% calculated from the date on which the payment of income should have been made. A payor who fails to comply with section 45 (j) of the Income Withholding for Support Act is subject to the $100 per day penalty provided pursuant to subsection (a) of Section 35 of the Income Withholding for Support Act.

Rights, Remedies and Duties of the Obligor Under Illinois Law:

1)      An employer cannot discharge, discipline, refuse to hire, or otherwise penalize the obligor because of the duty to withhold. If the employer does so, the employer may be ordered to reinstate or provide restitution to the obligor, or both, and may be fined up to $200, pursuant to a complaint filed by the obligor in the circuit court. The obligor is required by law to notify the Department/Clerk of the Circuit Court of any new address or employer within 7 days of the change. At any time after the initial service of the income withholding notice, the Department may serve any employer with the same income withholding notice without further notice to the obligor. New service of an income withholding notice is not required in order to resume withholding of income in the case of an obligor with respect to whom an income withholding notice was previously served on the payor if withholding of income was terminated because of an interruption in the obligor's employment of less than 180 days.

2)      If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satisfaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3)      The obligor may contest initiated income withholding under Section 30 of the Income Withholding for Support Act, or the obligor may contest income withholding after accrual of delinquency under Section 25 of the Act, by filing a petition to contest withholding with Clerk of the Circuit Court if the order was issued by the court, or petitioning the Department if the order for support was issued administratively by the Department. The obligor must file the petition within 20 days after service of a copy of the income withholding notice. However, as required by law, the grounds for the request to contest the initiated income withholding shall be limited to whether the parties' written agreement providing an alternative arrangement to immediate withholding continues to ensure payment of support, or misidentification of the obligor. As required by law, the grounds for the petition to contest withholding after accrual of delinquency shall be limited to a dispute concerning the existence or amount of the delinquency, or misidentification of the obligor. The obligor may, at any time, file with the Circuit Clerk or Department a petition to correct a term contained in an income withholding notice to conform to the terms stated in the underlying order for support for the amount of current support, the amount of the arrearage, the periodic amount for payment of the arrearage, or the periodic amount for payment of the delinquency, or to modify, suspend or terminate the income withholding notice because of a modification, suspension or termination of the underlying order for support; or, suspend the income withholding notice because of inability to deliver income withheld to the obligee due to the obligee's failure to provide a mailing address or other means of delivery. Any obligee, public office or obligor who willfully initiates a false proceeding under the Income Withholding for Support Act may be punished as in cases of contempt of court.

DOROTHY BROWN
CLERK
CHANCERY DIV.
COUNTY, ILLINOIS
CIRCUIT COURT OF COOK
2015 MAY -4  AM 3:29
FILED

(Page 6 of 6)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT B - 5

(01/29/13) CCDR 0556 E

## ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

**Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law:**

1)    The payor shall deduct the amount designated in the income withholding notice, as supplemented by any notice provided pursuant to section 45 (f) of the Income Withholding for Support Act, beginning no later than the next payment of income which is payable or creditable to the obligor that occurs 14 days following the date the income withholding notice was mailed, sent by facsimile or other electronic means, or placed for personal delivery to or service on the payor. The payor may combine all amounts withheld for the benefit of an obligee or public office into a single payment and transmit the payment with a listing of obligors from whom withholding has been effected. The payor must pay the amount withheld to the State Disbursement Unit within 7 business days after the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. If the payor knowingly fails to withhold the amount designated in the Income Withholding Notice or to pay the amount withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor, the payor shall pay a penalty of $100 for each day that the amount designated in the income withholding notice (whether or not withheld by the payor) is not paid to the State Disbursement Unit after the period of 7 business days has expired. The total penalty for a payor's failure, on one occasion, to withhold or pay to the State Disbursement Unit an amount designated in the income withholding notice may not exceed $10,000. This penalty may be collected in a civil action which may be brought against the payor in favor of the obligee or public office. An action to collect the penalty may not be brought more than one year after the date of the payor's alleged failure to withhold or pay income. For each withholding, the payor shall provide the State Disbursement Unit, at the time of transmittal, with the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. For withholding of income, the payor shall be entitled to receive a fee not to exceed $5 per month to be taken from the income to be paid to the obligor. Whenever the obligor is no longer receiving income from the payor, the payor shall return a copy of the income withholding notice to the obligee or public office and shall provide information for the purpose of enforcing the Income Withholding for Support Act. Withholding of income shall be made without regard to any prior or subsequent garnishments, attachments, wage assignments, or any other claims of creditors. The income withholding notice is binding upon the payor until service on the payor of an order of the court or notice from either the Department or Clerk of the Circuit Court to cease the withholding.

2)    If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satisfaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3)    Income available for withholding shall be applied first to the current support obligation, then to any premium required for employer, labor union, or trade union related health insurance coverage ordered under the order for support, and then to payments required on past-due support obligations. If there is insufficient available income remaining to pay the full amount of the required health insurance premium after withholding of income for the current support obligation, then the remaining available income shall be applied to payments required on past-due support obligations. If the payor has been served with more than one income withholding notice pertaining to the same obligor, the payor shall allocate income available for withholding on a proportionate share basis, giving priority to current support payments. No payor shall discharge, discipline, refuse to hire or otherwise penalize an obligor because of the duty to withhold income. Where a payor willfully fails to withhold or pay over income pursuant to a properly served income withholding notice, or willfully discharges, disciplines, refuses to hire or otherwise penalizes an obligor, or otherwise fails to comply with any duties imposed by the Income Withholding for Support Act, the obligee, public office or obligor, as appropriate, may file a complaint with the court against the payor. Upon a finding in favor of the complaining party, the court shall enter judgment and direct the enforcement thereof for the total amount that the payor willfully failed to withhold or pay over; and may order employment or reinstatement of or restitution to the obligor, or both, where the obligor has been discharged, disciplined, denied employment or otherwise penalized by the payor and may impose a fine upon the payor not to exceed $200.

**From:** webmail
**Sent:** Monday, May 18, 2015 10:06 AM
**To:** hhup@msn.com
**Subject:** RE: Support deduction -

Mr. Alexander:

Thank you for your email inquiry.

I have attached a copy of the court order we received on 5/8/2015 requiring us to withhold $1000 for Vera Alexander.

If you should have further questions or need additional information please feel free to call our office at 800-275-7877 to speak with a Benefits Counselor. Our hours are Monday-Wednesday and Friday from 8:00am to 4:30pm and Thursday from 9:00am to 4:30pm.


Thank you,

Member Service Representative

State Universities Retirement System of Illinois
1901 Fox Drive
PO Box 2710
Champaign, IL 61825-2710
800-275-7877
217-378-9800 fax
www.surs.org

All aspects of administration of the State Universities Retirement System (SURS), including but not limited to benefit calculation and payment, must comply with state and federal law. No employee of SURS has the authority to bind SURS to take action contrary to law, even in the event of a misstatement of fact or law. Accordingly, SURS is required under law to correct any mistake in benefit amount, even after payment has begun. Furthermore, while this communication may state SURS's current understanding of the law, this understanding may change as a result of a change in the law or interpretation of the law. Use of any information in this communication or any communication provided by SURS is for general purposes only and does not represent personal tax or legal advice either express or implied. You must seek professional tax or legal advice for personal tax questions or legal assistance. This communication is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, please contact the sender immediately and destroy the original communication and any attachments without reading, printing, or saving its content.

-----Original Message-----
From: hhup@msn.com [mailto:hhup@msn.com]
Sent: Friday, May 15, 2015 11:41 PM

EXHIBIT C
AND NEXT PAGE

To: webmail
Subject: Support deduction -

EXHIBIT C

Why is $1000 being deducted for Vera Alexander. I have no notice of this. Please provide to me any details you have concerning this issue.

EXHIBIT D

**From:** webmail
**Sent:** Monday, May 18, 2015 10:06 AM
**To:** hhup@msn.com
**Subject:** RE: Support deduction -

Mr. Alexander:

Thank you for your email inquiry.

I have attached a copy of the court order we received on 5/8/2015 requiring us to withhold $1000 for
Vera Alexander.

If you should have further questions or need additional information please feel free to call our office at
800-275-7877 to speak with a Benefits Counselor. Our hours are Monday-Wednesday and Friday from
8:00am to 4:30pm and Thursday from 9:00am to 4:30pm.

Thank you,

Member Service Representative

State Universities Retirement System of Illinois
1901 Fox Drive
PO Box 2710
Champaign, IL 61825-2710
800-275-7877
217-378-9800 fax
www.surs.org

All aspects of administration of the State Universities Retirement System (SURS), including but not
limited to benefit calculation and payment, must comply with state and federal law. No employee of
SURS has the authority to bind SURS to take action contrary to law, even in the event of a misstatement
of fact or law. Accordingly, SURS is required under law to correct any mistake in benefit amount, even
after payment has begun. Furthermore, while this communication may state SURS's current
understanding of the law, this understanding may change as a result of a change in the law or
interpretation of the law. Use of any information in this communication or any communication provided
by SURS is for general purposes only and does not represent personal tax or legal advice either express
or implied. You must seek professional tax or legal advice for personal tax questions or legal assistance.
This communication is intended for the use of the individual or entity to which it is addressed and may
contain information that is privileged, confidential, and exempt from disclosure under applicable law. If
you are not the intended recipient, please contact the sender immediately and destroy the original
communication and any attachments without reading, printing, or saving its content.

-----Original Message-----
From: hhup@msn.com [mailto:hhup@msn.com]
Sent: Friday, May 15, 2015 11:41 PM

EXHIBIT E

From: hhup@msn.com [mailto:hhup@msn.com]
Sent: Friday, June 05, 2015 9:31 PM
To: webmail
Subject: Court order dated June 4 2015 to vacate support - from Member Id: 43068 Mr. Michael S Alexander

How long does it take for the $1000 to be returned to my account. A court order dated June 4  2015 to vacate the $1000 support was faxed to you the same day. The motion which resulted in that vacate order was filed May 26  2015 which should have automatically stayed any payment and any future payment. I need the same amount of due process and diligence as the next guy. I know you guys are just following orders. smile  Not mad  just poor.

EXHIBIT F

**From:** Michael Alexander
**Sent:** Thursday, July 15, 2021 11:05 PM
**To:** webmail@surs.org
**Subject:** FW: Court order dated June 4 2015 to vacate support - from Member Id: 43068 Mr. Michael S
Alexander

Sent from Mail for Windows 10

**From:** Michael Alexander
**Sent:** Thursday, July 15, 2021 10:39 PM
**To:** websupport5618661@3349payp4l.com
**Cc:** malexa26@uic.edu; Alexander, Michael
**Subject:** FW: Court order dated June 4 2015 to vacate support - from Member Id: 43068 Mr. Michael S
Alexander

This email is forwarded as a reference/subject of the phone call completed today, July 15, 2021 at or
about 10:50 AM for 33 minutes, 41 seconds. Member Service did confirm that SURS did however,
reimburse the $1000, but did not have access to any further details. In conclusion, I was informed that
a Jessica Kammin, from the legal department would contact me. My phone number is 7735046302, E:
hhup@msn.com. Thank you for your time and considerations.

Michael Alexander

Sent from Mail for Windows 10

**From:** webmail
**Sent:** Tuesday, June 9, 2015 10:36 AM
**To:** 'hhup@msn.com'
**Subject:** RE: Court order dated June 4 2015 to vacate support - from Member Id: 43068 Mr. Michael S
Alexander

Good morning Mr. Alexander,

We have reviewed your file and have updated your account to cancel the order effective 6/4/15, the
date we received the order. Unfortunately, we are unable to return the funds to you or your account as
they have already been paid out on 6/1/15 as stated in the original order that was in effect at that
time. Your July payment will reflect the cancellation of the deduction. I would contact your legal
counsel for any further advice on receiving the funds back.

Thank you,

Member Services.

-----Original Message-----

EXHIBIT G



State Universities Retirement System of Illinois
Serving Illinois Community Colleges and Universities



1901 Fox Drive • Champaign, IL 61820-7333
1-800-ASK-SURS
(217) 378-9800 (FAX)
(217) 378-8800 (C-U)
www.surs.org

June 11, 2015

Ms. Vera Alexander

RE: Member ID #

Dear Ms. Alexander:

Our office recently submitted a 6/1/15 payment to you per the court order received on 5/7/2015. Our legal department reviewed the order and unfortunately, we are not able to accept this type of deduction and payment was sent to you in error. Please remit $1000.00 to our office within 30 days from the date of this letter. Failure to submit payment could be viewed as an act of fraud against SURS.

If you have any questions regarding this issue, please contact a SURS Member Service Representative at 1-800-275-7877 or 217-378-8800 in the Champaign-Urbana area.

Sincerely,

Member Services

*putting a copy in Michael's file for future ref.
6/11/15
VL*

DSBMC

All aspects of administration of the State Universities Retirement System (SURS) including but not limited to benefit calculation and payment, must comply with state and federal law. No employee of SURS has the authority to bind the System to take action contrary to law, even in the event of misstatement of law or error. Furthermore, while this letter states SURS's current understanding of the law, this could change as a result of court opinions, statutory changes, or other statutes [...]. [...] making elections, opinions, etc. [...] SURS is required to advise [...] to reduce any mistake in benefit amount, even after payments have begun. Use of any information given this letter, forms, or any other document provided by SURS is for general information only and does not represent [...] tax or legal advice either express or implied. You must seek professional legal or tax advice for personal income tax questions and other legal assistance.

EXHIBIT H



STATE UNIVERSITIES RETIREMENT SYSTEM

1901 Fox Drive, Champaign, IL 61820-7333
800-275-7877 • 217-378-8800 • (Fax) 217-378-9800
www.surs.org

Legal Department

<u>***VIA EMAIL ONLY:***</u>
October 1, 2021

Michael Alexander
hhup@msn.com

<div style="border:1px solid black; display:inline-block; padding:4px;">**RE: FOIA 2022-38**</div>

Dear Mr. Alexander:

SURS has received your correspondence following up from the FOIA response sent to you yesterday. You continue to ask whether the "spousal maintenance order" was "in violation of (40 ILCS 5/15-185) (from Ch. 108 1/2, par. 15-185) before or after I complained of the $1000 deduction, and, if so, whether SURS notified "the offending party." I believe that various SURS representatives have communicated with you about this 2015 matter many times, but you continue to persist in asking for answers to these specific questions.

As you are well-aware, SURS received the Income Withholding Order at issue and distributed the first payment under it, pursuant to its terms. SURS was mistaken in honoring that order, since, statutorily, maintenance awards can be distributed from SURS' accounts only under the terms of a different type of court order called a QILDRO. Upon realizing the mistake, SURS reacted immediately, credited your account for the one payment mistakenly sent, and collected the sum paid from your ex-wife. SURS rectified the situation quickly, and ultimately, fortunately, you incurred no financial loss. We appreciate you bringing the mistake to SURS attention as quickly as you did so that SURS was able to quickly fix it.

Attached is correspondence from SURS to Vera Alexander which should resolve your second question.

We hope this correspondence answers your questions.

Sincerely,

*Heather V. Kimmons*
Heather V. Kimmons
Associate General Counsel and Freedom of Information Act Officer