**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL S. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-cv-00283 |
| | ) | |
| v. | ) | Judge Andrea Wood |
| | ) | |
| MARY S. TREW, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants, the Honorable Mark J. Lopez ("Judge Lopez"), the Honorable Timothy P. Murphy ("Judge Murphy"), the Honorable Dominique C. Ross ("Judge Ross"), the Honorable Mary S. Trew ("Judge Trew") (collectively "Judicial Defendants"), and the State University Retirement Systems (hereinafter "SURS") (collectively "State Defendants"), by their attorney, Kwame Raoul, Illinois Attorney General, submit the following Memorandum of Law in Support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**INTRODUCTION**

Plaintiff Michael Alexander has filed suit in federal court claiming that the actions of the State Defendants violated his constitutional rights and amounted to fraud on the court. (ECF No. 1). Plaintiff's allegations arise from orders entered by the Judicial Defendants in his domestic relations case, which is currently pending in the Circuit Court of Cook County. For these alleged wrongs, Plaintiff seeks damages and asks this Court to stay his domestic relations case.

Plaintiff's Complaint must be dismissed for several reasons. *First*, the Court lacks jurisdiction under the domestic relations exception and the *Younger* abstention doctrine. *Second*, Plaintiff's claims against the Judicial Defendants are barred by absolute judicial immunity. *Third*,

1

the Eleventh Amendment and Section 1983 bar Plaintiff's claims against the State Defendants. And finally, Plaintiff's claims do not satisfy the requirements for bringing an independent cause of action under Rule 60. For these reasons, Plaintiff's Complaint must be dismissed.

## FACTUAL ALLEGATIONS

Plaintiff's Complaint makes multiple allegations against the State Defendants arising from an ongoing domestic relations lawsuit, *Alexander v. Alexander*, 13 D 5617 combined with 11 D 10803, that is currently pending in the Circuit Court of Cook County. (ECF No. 1). Although somewhat unclear, it appears Plaintiff is alleging that the State Defendants committed fraud upon the court by violating 40 ILCS 5/15-185, as well as alleging claims for deprivation of rights under Section 1983.

According to Plaintiff's Complaint, Plaintiff and his wife became divorced on June 5, 2014. Following this divorce, on May 4, 2015, Judge Trew entered an order granting Plaintiff's ex-wife's motion for maintenance and ordering Plaintiff to make maintenance payments of $1,000.00 per month. When SURS received this order, it proceeded to withhold $1,000.00 from Plaintiff's pension. However, after Judge Trew vacated her order on June 4, 2015, and ordered a re-hearing on the motion for maintenance, SURS released these funds back into Plaintiff's pension. At the re-hearing, Judge Trew ordered maintenance of $500.00 plus $816.00 for child support. This order was again vacated, and the matter was transferred to Judge Lopez, who ordered maintenance of $485.00 plus $612.20 in child support. On September 1, 2016, Judge Lopez also vacated this order. Over the following years, this case was transferred from Judge Lopez to Judge Murphy and from Judge Murphy to Judge Ross.

All the Judicial Defendants presided over Plaintiff's domestic relations case between 2015 and the present. Plaintiff's Complaint alleges that the orders requiring monthly maintenance

payments were akin to fraud on the court. Plaintiff also alleges that Judge Murphy and Judge Lopez attempted to intimidate and badger him in court. Plaintiff concludes his Complaint by requesting that this Court stay all proceedings in the Circuit Court of Cook County related to his domestic relations lawsuit. Plaintiff also seeks damages.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case. *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). Plaintiff must meet his burden to establish that jurisdictional requirements have been met. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 589, 589 (7th Cir. 2014).

In ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F.3d 918, 925 (7th Cir. 1995). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted*); see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-52 (2009). To survive a Rule 12(b)(6) motion, a complaint must not only "provide the defendant with fair notice of the claim's basis" but also "establish that the requested relief is plausible on its face." *Harris v. Illinois*, 753 F. Supp. 2d 734, 738 (N.D. Ill. 2010).

3

**ARGUMENT**

I. **This Court Lacks Jurisdiction Over Plaintiff's Claims Under the Domestic Relations Exception to Federal Jurisdiction and the *Younger* Doctrine.**

    A. <u>This Court Lacks Jurisdiction Over Plaintiff's Claims Under the Domestic Relations Exception to Federal Jurisdiction.</u>

Plaintiff's claims are barred by the domestic relations exception to federal jurisdiction, which prevents federal courts from adjudicating cases that involve divorce, alimony, and child custody decrees. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006); *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (quotations omitted). This rule prevents the federal courts from forcing their way into a state court matter, "particularly because state courts are assumed to have developed a core proficiency in probate and domestic relations matters." *Sykes v. Cook County Circuit Court Probate Division*, 837 F.3d 736, 741 (7th Cir. 2016).

Here, Plaintiff's allegations fall squarely within the domestic relations exception. As stated in his Complaint, Plaintiff's claims arise from his domestic relations case for his divorce with the crux of his allegations focused upon the alleged illegality of orders requiring Plaintiff to make maintenance payments to his ex-wife. Because the domestic relations exception prevents federal courts from adjudicating these exact types of domestic relations matters, Plaintiff's Complaint should be dismissed with prejudice.

    B. <u>This Court Lacks Jurisdiction Pursuant to the *Younger* Doctrine.</u>

In addition, because Plaintiff's claims involve an ongoing domestic relations case pending in the Circuit Court of Cook County, this Court should decline to hear the Complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine applies when there is a parallel, pending state proceedings and "implicate[s] a State's interest in enforcing the orders and judgments of its courts." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Traditionally, the federal courts recognize that domestic relations law directly implicates important

state interests and that the district courts should abstain from exercising jurisdiction over those claims. *See Ehlers v. Gallegos*, No. 16-CV-5092, 2020 WL 43010 at *8-9 (N.D. Ill. Jan. 3, 2020).

Plaintiff's domestic relations case constitutes a parallel, pending state proceeding that implicates the State's interests. Plaintiff's allegations focus upon orders that were entered by the Judicial Defendants in Plaintiff's domestic relations case, which Plaintiff admits is still pending in the Circuit Court of Cook County. Plaintiff's Complaint further asks this Court to stay these domestic relations proceedings and "hold priority over all other matters" in his domestic relations case. Between Plaintiff's requested relief and his pending domestic relations case, *Younger* abstention is appropriate and this Court should decline to exercise jurisdiction over Plaintiff's claims.

## II.     Plaintiff's Claims Against the Judicial Defendants Are Barred By Absolute Judicial Immunity.

Even if this Court had jurisdiction over Plaintiff's claims (it does not), the claims still would fail. Plaintiff's claims against the Judicial Defendants are barred by the doctrine of absolute judicial immunity. More than 130 years ago, the United States Supreme Court confirmed that judges cannot be sued for their judicial acts, even when those acts are "in excess of their jurisdiction, and are alleged have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (absolute judicial immunity applies even when a judge's exercise of authority is "flawed by the commission of grave procedural errors"). No matter how "erroneous the act may have been" or how "injurious…it may have proved to the plaintiff," it cannot support a suit against a judge. *Bradley*, 80 U.S. at 347. A judge is not deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357-58

(1978). Judges must remain "free to act upon [their] own convictions" without fearing civil liability. *Brokaw*, 235 F.3d at 1015.

The scope of immunity is expansive. Judges are absolutely immune from suits for damages unless: (1) "the suit challenges an action that is not judicial in nature" or (2) "the judge acted in the complete absence of all jurisdiction." *Haas v. Wisconsin*, 109 Fed. App'x 107, 113 (7th Cir. 2004). Courts in the Seventh Circuit have routinely dismissed lawsuits against judges for actions taken in their judicial capacity, especially when those actions were taken in domestic relations cases.[1]

No exception to absolute judicial immunity applies here. First, the alleged actions of the Judicial Defendants—the perpetration of fraud from the entry of orders requiring maintenance payments in Plaintiff's domestic relations case and the Judicial Defendants' behavior toward Plaintiff when he appeared for his domestic relations case—are indisputably "judicial in nature." *See, e.g.*, *Brokaw*, 235 F.3d at 1015 (informal conferences regarding child custody were judicial acts); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (claims against judges barred when complaining of judicial conduct); *Davit v. Davit*, 366 F. Supp. 2d 641, 659 (N.D. Ill. 2004), *aff'd*, 173 Fed. App'x 515 (7th Cir. 2006) (rulings in divorce, maintenance, and contempt proceedings were judicial acts). Second, the Illinois courts have subject-matter jurisdiction over the proceedings at issue. *See Davit,* 366 F. Supp. 2d at 660.

---

[1] *See, e.g.*, *Anderson v. Anderson*, 554 F. App'x 529, 531 (7th Cir. 2014); *Davenport v. Illinois*, 295 F. App'x 810, 812 (7th Cir. 2008); *Loubser*, 440 F.3d at 442; *Brokaw*, 235 F.3d at 1015; *Eberhardt v. Braud*, No. 16-CV-3080, 2016 WL 3746422, at *3 (C.D. Ill. July 8, 2016); *Cooney*, 2008 WL 3889945, at *5; *Brzowski v. Brzowski*, No. 07 C 3977, 2007 WL 2225832, at *1 (N.D. Ill. July 26, 2007); *Mannix v. Machnik*, No. 05 C 7232, 2006 WL 794764, at *4 (N.D. Ill. Mar. 24, 2006), *aff'd sub nom. Mannix c. Machnik*, 244 F. App'x 37 (7th Cir. 2007); *Dumitru*, 2005 WL 2674928, at *2 ; *Wilde v. Roethe*, No. 05-C-476-C, 2005 WL 1875665, at *1 (W.D. Wis. Aug. 5, 2005); *Davit*, 366 F. Supp. 2d at 659.

Plaintiff does not—and cannot—allege that the Judicial Defendants acted in the "complete absence of jurisdiction." In *Stump v. Sparkman*, the Supreme Court distinguished between judicial actions taken in "excess of authority" and those taken with a "clear absence of all jurisdiction over the subject-matter"; only in the latter case is immunity unavailable. 435 U.S. at 356-57. Where there is subject-matter jurisdiction and the judge played a judicial role, there is immunity. *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995).

The allegations here demonstrate that the Judicial Defendants are absolutely immune from suit. The Illinois Constitution grants circuit courts in this state "original jurisdiction of all justiciable matters" with limited exceptions not applicable here. Ill. Const. Art. VI, § 9. Thus, absolute judicial immunity applies here despite Plaintiff's insistence that the Judicial Defendants' orders were "void." *Stump,* 435 U.S. at 356-57 (noting that judges are not deprived of immunity for actions taken "in error"); *see also Cooney v. Rossiter*, No. 07 C 2747, 2008 WL 3889945, at *5 (N.D. Ill. Aug. 20, 2008), *aff'd*, 583 F.3d 967 (7th Cir. 2009) ("Contrary to Plaintiffs' claim, absolute judicial immunity does preclude litigation against judges, *even where bad faith is alleged.*") (emphasis in original). Additionally, Plaintiff's statements that the Judicial Defendants committed fraud upon the court by entering orders that Plaintiff believes violated Illinois law do not defeat absolute judicial immunity. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (judge immune from damages in a conspiracy case alleging bribery); *see also Nesses v. Shepard*, 68 F.3d 1003, 1006 (7th Cir. 1995) (recognizing judicial defendants were entitled to have suit dismissed on grounds of immunity in case alleging "massive, tentacular conspiracy among the lawyers and the judges to engineer" plaintiff's defeat).

As the Seventh Circuit has held, "[t]he Supreme Court of [Illinois], not the federal judiciary, is responsible for dealing with claims that state judges erred." *Myrick v. Greenwood*,

7

856 F.3d 487, 487 (7th Cir. 2017). Plaintiff's claims are those quintessentially barred by judicially immunity and must be dismissed.

### III. Plaintiff's Claims Against the State Defendants Are Barred By Section 1983 and the Eleventh Amendment.

A. Plaintiff's Claims Against the Judicial Defendants Are Barred by Section 1983.

Section 1983 bars any suit for injunctive relief against a judge. In 1996, Congress amended 42 U.S.C. § 1983 to state that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Haas*, 109 F. App'x at 114, *quoting* 42 U.S.C. § 1983. This amendment was intended to overrule the Supreme Court's decision in *Pulliam v. Allen,* 466 U.S. 522, 541-43 (1984), which held that judicial immunity is not a bar to demands for injunctive relief against state judges. *Haas*, 109 F. App'x at 114, *citing Bolin,* 225 F.3d at 1242. This statutory bar on injunctive relief further reinforces the conclusion that the claims against the Judicial Defendants should be dismissed with prejudice.

B. Plaintiff's Claims Against SURS Are Barred By the Eleventh Amendment.

Plaintiff's claims against SURS are barred by the Eleventh Amendment. While Section 1983 provides a federal forum to remedy many deprivations of civil liberties, it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Specifically, the Eleventh Amendment precludes claims against State agencies, such as SURS, except under limited circumstances not present here. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that "[i] is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh

8

Amendment."). Based on the foregoing, Plaintiff's claims against SURS are barred by the Eleventh Amendment.

### IV. Plaintiff Has Not Satisfied the Requirements To Bring an Independent Action Under Rule 60.

Finally, Plaintiff has not—and cannot—satisfy the requirements to bring an independent action under Rule 60 for alleged fraud on the court. Rule 60(d) permits a party to bring an independent action that seeks to relieve the party from a judgment, order, or proceeding. Fed. R. Civ. P 60. The Supreme Court has held that the standard for bringing an independent action under Rule 60 is demanding and "should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Rule 60 does not "authorize the district court to grant relief from a state court judgment." *Frazier v. Slatery*, 2020 WL 9423916 (6th Cir.), *cert. denied*, 141 S. Ct. 2611.

Plaintiff's claims do not fall within the purview of Rule 60. At the outset, Plaintiff cannot use Rule 60 to attack orders entered in his domestic relations case in a state court. But beyond this fatal defect, Plaintiff's Complaint does not appear to ask this Court to set aside any judgment. Plaintiff instead asks for damages and for this Court to stay his domestic relations litigation, which is not the purpose of an independent action under Rule 60. Rather, these actions are intended to provide relief from final judgments that cannot be obtained in the original action, not to stay litigation that is currently pending in a different court. *See Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Circuit 1997) ("It is fundamental that equity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action . . . to open, vacate, modify, or otherwise obtain relief against, the judgment") (internal quotations omitted). Based on the foregoing, Plaintiff's claims should be dismissed because the claims do not fall within Rule 60.

## CONCLUSION

Wherefore, Defendants, the State Universities Retirement System, the Honorable Mark J. Lopez, the Honorable Timothy P. Murphy, the Honorable Dominique C. Ross, and the Honorable Mary S. Trew, respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, and order any further just and proper relief.

Respectfully submitted,

KWAME RAOUL  By:  */s/ Maggie Jones*
Attorney General of Illinois        Maggie Jones
              Assistant Attorney General
              100 W. Randolph Street, 13th Floor
              Chicago, Illinois 60601
              (872) 272-0772
              Margaret.Jones@ilag.gov

              *Counsel for State Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on April 4, 2022, I caused a copy of the foregoing *Defendants' Memorandum In Support Of Their Motion To Dismiss Pursuant To Rules 12(b)(1) and 12(b)(6)* to be filed electronically on CM/ECF, which will cause a notice of filing to be sent to all counsel of record who have entered appearances.

                                                                                         */s/ Maggie Jones*